It is SO ORDERED.

Dated: May 5, 2017
      Utica, New York

DIANE DAVIS
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In re: Robert R. Donnelly,
                Debtor(s).

Case No. 17-60290
Chapter 13

# AMENDED
# LOSS MITIGATION ORDER

☑ A Loss Mitigation Request[1] was filed by the Debtor(s) on  March 31  , 20 17 ,

☐ A Loss Mitigation Request was filed by a Creditor on _____, 20____,

☐ The court raised the possibility of Loss Mitigation,

and the parties have had notice and an opportunity to object, and the court has reviewed any objections filed thereto.

NOW, it is hereby

**ORDERED** that

(1)    The following parties (the "Loss Mitigation Parties") are directed to participate in Loss Mitigation and are bound by the court's Loss Mitigation Program Procedures:

    Debtor(s): Robert R. Donnelly ,

    Creditor: Seterus, Inc. ,

---

[1] All capitalized terms have the meanings defined in the Loss Mitigation Program Procedures.

1

(LM:05 Loss Mitigation Order rev. 11-01-2016)

(2)  **Within seven (7) days** after the entry of this Order,

- Each Loss Mitigation Party shall designate contact persons and disclose contact information, unless this information has been previously provided in the Loss Mitigation Request,

- The Creditor shall contact the Debtor(s)' attorney or the Debtor(s), if *pro se*, and

- Requests for information and documents, if any, must be served upon the opposing party and counsel, and the requesting party shall file a Loss Mitigation Affidavit on the form prescribed by the court identifying the information and/or documents requested.

(3)  **Within thirty-five (35) days** after the entry of this Order and at least seven (7) days prior to the initial Loss Mitigation Session, each Loss Mitigation Party shall respond to a request for information and documents, and the party responding shall file a Loss Mitigation Affidavit on the form prescribed by the court identifying the information and/or documents provided.

(4)  **Within forty-five (45) days** after the entry of this Order but in any event prior to the initial Status Conference, the Loss Mitigation Parties shall conduct the initial Loss Mitigation session.

(5)  A status conference will be held in this case at the <u>United States Bankruptcy Court, U.S. Courthouse, 15 Henry St., 1st Floor Courtroom, Binghamton NY</u> on <u>June 22</u>, 20<u>17</u> at <u>11:30</u> a.m. (the "Status Conference"). The Loss Mitigation Parties shall appear at the Status Conference. Seven (7) days prior to the date of the initial Status Conference or any adjournments thereof by the court, the party that requested Loss Mitigation shall file and serve upon all Loss Mitigation Parties a Loss Mitigation Status Report on the form prescribed by the court.

(6)  At the Status Conference, the court may consider a Settlement reached by the Loss Mitigation Parties, or may adjourn the Status Conference, as necessary.

(7)  Any proceedings (*e.g.* motions or applications) that are currently pending between the Loss Mitigation Parties shall be adjourned by the party who commenced such proceeding pursuant to L.B.R. 9013-1(i) and (j) to the date of the Status Conference indicated above to the extent those proceedings concern (1) objection to the allowance of a proof of claim, (2) reduction, reclassification or avoidance of a lien, or (3) valuation of a lien or the Property. A pending Motion for Relief from Stay by the Creditor shall be adjourned pursuant to section VI(B)(2) of the Loss Mitigation Procedures.

(LM:05 Loss Mitigation Order rev. 11-01-2016)

(8) If the underlying bankruptcy case is one filed under chapter 12 or 13, the standing trustee may participate in the Loss Mitigation ordered herein, including—but not necessarily limited to—appearing at the Status Conference and filing a response, if any, to Creditor's motion to terminate Loss Mitigation made pursuant to section IX(B)(4) of the Loss Mitigation Program Procedures. The standing trustee shall not need to make a specific request in order to participate in Loss Mitigation. The standing trustee may participate to the extent that such participation is consistent with the trustee's duties under, respectively, 11 U.S.C. §§ 1202(b) or 1302(b)(4).

(9) If the underlying bankruptcy case is one filed under chapter 13 and Debtor(s)' counsel seeks to receive a portion of fees for the case through the plan, then, in the month following entry of this Order or the first month after the initial 11 U.S.C. § 341 Meeting of Creditors, whichever is later, the standing trustee shall disburse payment to Debtor(s)' counsel of the requested attorney fee, up to a maximum of $1,500.00, with said amount to be paid in the manner prescribed in Debtor(s)' proposed plan. The amount disbursed shall be deemed allowed immediately. This amount shall be exclusive of any amounts received by counsel prior to the filing of the petition. The balance of the attorney fee shall only be allowed and paid pursuant to the Order of Confirmation or further order of this court.

(10) If the underlying bankruptcy case is one filed under chapter 7, the entry of this Order automatically defers the entry of an order granting the Debtor(s)' discharge until one day after an Order Terminating Loss Mitigation and Final Report is filed pursuant to Federal Rule of Bankruptcy Procedure 4004(c)(2). The deadline to object to the Debtor(s)' discharge or the dischargeability of a debt is NOT extended by this Order.

(11) This Order shall remain in effect until an Order Terminating Loss Mitigation and Final Report is entered or the Debtor(s)' case is dismissed.

###