So Ordered.

_____

Signed this 5 day of June, 2018.

Diane Davis
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

In Re:

**ROBERT R. DONNELLY,**                                          **Case No. 17-60290**

                                   **Debtor.**                    **Chapter 13**

**ORDER CONFIRMING CHAPTER 13 PLAN**

| Part 1: | Findings |
|---------|----------|

In connection with the amended chapter 13 plan filed at docket no. **56** ("Plan") before this court for confirmation, the court finds that:

(1)  Debtor[1] has complied with the filing requirements under 11 U.S.C. § 521(a)(1) (mandatory documents) and 11 U.S.C. § 521(b) (credit counseling certificate);

(2)  Under penalty of perjury, Debtor has represented to the chapter 13 trustee ("Trustee") and this court that, to the extent applicable, all domestic support obligations owed by Debtor, as defined in 11 U.S.C. § 101(14A), that have become due since the filing of the petition have been paid and that all such obligations coming due during the Plan will be paid in a timely fashion;

(3)  Debtor has completed the Certification Pursuant to Local Bankruptcy Rule 3015-1 as to compliance with the requirements of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P.") and Local Bankruptcy Rules ("LBR") by providing creditor addresses that enabled proper notice upon all creditors and parties in interest of the Plan and has made service pursuant to Fed. R. Bankr. P. 7004 and LBR 3015-1(c) upon any creditor affected by an Allowed Contested Matter[2] contained within the Plan as set forth in the certificate of service filed by Debtor; and

(4)  The Trustee has reviewed and recommends the Plan for confirmation to the court, all timely objections, if any, have been resolved, and the Plan meets the requirements of 11 U.S.C. § 1325.

**Accordingly, IT IS ORDERED** that

The Plan is confirmed, with the following provisions set forth in Parts 2-9 below.

| Part 2: | Plan Payments, Length of Plan and Order of Distribution |
|---------|--------------------------------------------------------|

**2.1     Plan Payments and Length of Plan**

_____

[1] In a joint case, any reference to "Debtor" shall mean "Debtors."
[2] Allowed Contested Matter shall have the same meaning as ascribed in LBR 3015-1(c)(1).

(12-01-2017)

| Amount of each Monthly Payment: | **$2,400.00 for 10 months** |
| | **$3,000.00 for 12 months** |
| | **$3,500.00 for 12 months** |
| | **$4,000.00 for 12 months** |
| | **$4,500.00 for 12 months** |
| | **$5,800.00 for 2 months** |

Additional Funding Requirements:     $_____ (Source:_____)

Additional Funding Requirements:     $_____ (Source:_____)

Term of Plan:     **60** months

Minimum Amount to be paid into the Plan:     $**215,600.00**

**Minimum Amounts to be paid to nonpriority unsecured creditors under the Plan shall be the greater of:**

Liquidation:     **$0.00**

Disposable Income (Form 122C-2,
line 45 x 60 months):     **$0.00**

Percentage Repayment:     **5.00**%

## 2.2   Income Tax Refunds

Debtor will turn over to the Trustee all income tax refunds in excess of $1,500.00 received during the Plan term.

## 2.3   Order of Distribution of Plan Payments by the Trustee

Subject to any alternate provision in Part 8, funds received by the Trustee for distribution to creditors under the Plan shall be disbursed to pay claims as set forth in this Order and shall be applied, after payment of applicable Trustee's fees, in the following order of distribution:

First: To pay any and all equal monthly payments required on allowed secured claims under Sections 3.2 and 3.3;
Second: To pay allowed administrative expenses, including attorney's fees under Section 4.3, pro rata, until paid in full;
Third: To pay allowed secured claims pro rata until paid in full under Section 3.1;
Fourth: To pay allowed priority claims pro rata until paid in full under Sections 4.4 and 4.5; and
Fifth: To pay allowed unsecured claims pro rata under Part 5.

In the event Debtor will make ongoing mortgage or lease installment payments through the Plan under Section 3.1 or 6.1, those payments shall be made prior to payment to any other creditor and after payment of applicable Trustee's fees.

| **Part 3:** | **Secured Claims** |

All secured creditors shall retain the liens securing their claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge of the underlying debt under 11 U.S.C. § 1328.

If relief from the automatic stay is ordered as to any item of collateral listed in this Part, then all payments under this Part as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the Plan.

## 3.1   Maintenance of Payments and Cure of Default

☐ **None**.

### (a)   Prepetition Arrears

Prepetition arrears owed to the creditors listed below will be paid in full by the Trustee in accordance with a timely filed proof of claim. In the absence of a contrary timely filed proof of claim, the amount stated below shall control.

(12-01-2017)

| Creditor | Collateral | Amount of arrearage | Interest rate on arrearage (if applicable) |
|---|---|---|---|
| Seterus Inc | 234-236 Ballyhack Road | $28,680.54 | 0.00% |
| Broome County Dept of Finance | 31 Montgomery Street | $17,598.21 | 12.00% |
| Broome County Dept of Finance | 111 Dwight Avenue | $36,208.53 | 12.00% |
| Broome County Dept of Finance | 210 East Franklin Street | $15,663.48 | 12.00% |
| NYS Dept. of Taxation & Finance | All real property | $4,689.14 | 14.50% |

(b)    **Maintenance of Payments**

Ongoing postpetition payments will be disbursed directly to the creditor as indicated below.

| Creditor | Collateral | Current installment payment | Installment payment to be disbursed by |
|---|---|---|---|
| Seterus Inc | 234-236 Ballyhack Road | $362.17 | ☐ Trustee ■ Debtor |
|  |  |  | ☐ Trustee ☐ Debtor |

**3.2    Payment of Secured Claim Based on Collateral Value**

☐ **None**.

(a)    **Bifurcated claims**

The creditors listed below will be paid the value of their collateral pursuant to 11 U.S.C. § 506 with present value interest pursuant to 11 U.S.C. § 1325(a)(5).

(i)    **Non-governmental creditor**

Any timely filed claim by a non-governmental unit requesting payment of a higher secured claim shall be deemed to be an unsecured claim to the extent that the amount of the filed claim exceeds the value stated below. Further, any timely filed proof of claim will be disallowed to the extent the interest rate sought exceeds the rate listed below. A filed claim seeking a lower secured claim amount or lower rate of interest on its secured claim shall be deemed to be the creditor's consent to accept payment of said lower amount(s) and will control.

(ii)    **Governmental creditor**

For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a timely filed proof of claim controls over any contrary amount listed below.

| Creditor | Collateral | Value of collateral | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| Kurt Beyer | 31 Montgomery Street | $28,698.00 | 0.00% |  |
| Daniel Blatt | 31 Montgomery Street | $20,000.00 | 0.00% |  |
| Janice Carmine | 234-236 Ballyhack Road | $15,000.00 | 0.00% |  |

(b)    **Wholly unsecured mortgage claims modified pursuant to 11 U.S.C. § 506**

The lien(s) of the creditor(s) listed below are deemed wholly unsecured and the claim(s) listed below shall be treated as unsecured under Section 5.1.

(12-01-2017)

3

| Creditor | Amount of claim |
|---|---|
|  |  |
|  |  |

### 3.3    Payment in Full of Secured Claim with Present Value Interest

■ **None**.

The creditor(s) listed below will be paid principal owed in full, with present value interest pursuant to 11 U.S.C. § 1325(a)(5). The amount of the claim shall be determined in accordance with a timely filed proof of claim.  Any timely filed proof of claim will be disallowed to the extent the interest rate sought exceeds the rate listed below.  A filed claim seeking a lower secured claim amount or lower rate of interest on its secured claim shall be deemed to be the creditor's consent to accept payment of said lower amount(s) and will control.  In the absence of a contrary timely filed proof of claim, the amount stated below shall control.

| Creditor | Collateral | Amount of claim | Interest Rate | Monthly payment to creditor |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

### 3.4    Judicial Liens Avoided Pursuant to 11 U.S.C. § 522(f)

■ **None**.

The judicial lien(s) or security interest(s) held by the creditor(s) listed below are avoided in part, or in full.  The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim under Section 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim.

| Creditor | Amount of secured claim after avoidance | Interest rate (if applicable) |
|---|---|---|
|  |  |  |
|  |  |  |

### 3.5    Surrender of Collateral

☐ **None**.

The collateral listed below is deemed surrendered to the creditor(s) in satisfaction of the secured portion of the creditor's allowed claim.  The stay under 11 U.S.C. §§ 362(a) and 1301(a) is terminated as to the collateral.  Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Section 5.1.

| Creditor | Collateral |
|---|---|
| Broome Co. Dept. of Finance | 111 Liberty Street, Binghamton, NY 13901 |
| Broome Co. Dept. of Finance | 714 Pleasant Hill Road, Port Crane, NY 13833 |
| Broome Co. Dept. of Finance | 39 Julian Street, Binghamton, NY 13905 |
| Broome Co. Dept. of Finance | 11 Duke Street, Binghamton, N Y  13903 |
| Broome Co. Dept. of Finance | 208 East Franklin Street, Endicott, NY  13760 |
| Broome Co. Dept. of Finance | 192 Henry Street, Binghamton, NY  13901 |
| Broome Co. Dept. of Finance | 20 Kress Street, Binghamton, NY  13903 |
| Broome Co. Dept. of Finance | 22 Kress Street, Binghamton, NY  13903 |
| Earl & Ethel Gordon | 208 East Franklin Street, Endicott, NY  13760 |

(12-01-2017)

| G. Paul Cohen & Sherry Cohen | 20 Kress Street, Binghamton, NY 13903 |
| Jonas & Marie Nachsin | 208 East Franklin Street, Endicott, NY 13760 |
| Robert Molino | 111 Liberty Street, Binghamton, NY 13901 |
| Sid Krepel | 714 Pleasant Hill Road, Port Crane, NY 13833 |
| Steve Rowell | 192 Henry Street, Binghamton, NY 13901 |
| Steve Rowell | 39 Julian Street, Binghamton, NY 13905 |
| Wells Fargo Home Mortgage | 206 Porter Hollow Road, Port Crane, NY 13833 |

## Part 4:    Fees and Priority Claims

### 4.1    General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

### 4.2    Trustee's Fees

Trustee's fees are governed by statute and may change during the course of the case but will be no more than 10% of payments received by the Trustee under the Plan.

### 4.3    Attorney's Fees

Debtor's attorney shall be as paid set forth below.

|  |  |
|---|---|
| Total Fee Approved | **$4,325.00** |
| Amount Paid Directly by Debtor | **$1,640.00** |
| Allowed Administrative Claim to be paid by Trustee | **$2,685.00** |

### 4.4    Priority Claims Other Than Attorney's Fees and Those Treated in Section 4.5

☐ **None**.

| Creditor | Amount of claim to be paid |
|---|---|
| Internal Revenue Service | $16,595.61 |
| NYS Dept. of Taxation and Finance | $7,298.11 |

### 4.5    Domestic Support Obligations Assigned or Owed to a Governmental Unit and Paid in Accordance with 11 U.S.C. § 1322(a)(4)

■ **None**.

The domestic support obligations assigned to or owed to the governmental units listed below will be paid a pro rata distribution in accordance with 11 U.S.C. § 1322(a)(4).

| Creditor | Amount of claim to be paid |
|---|---|
|  |  |
|  |  |

## Part 5:    Nonpriority Unsecured Claims

### 5.1    Nonpriority Unsecured Claims Not Separately Classified

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, until paid in accordance with the minimum amount set forth in Section 2.1.

(12-01-2017)

**5.2     Maintenance of Payments and Cure of any Default on Nonpriority Unsecured Claims**

■ **None**.

Ongoing postpetition contractual payments will be disbursed to the creditors listed below as indicated. Prepetition arrears owed to the creditors will be paid in full by the Trustee in accordance with a timely filed proof of claim.

| Creditor | Current installment payment | Arrearage |
|---|---|---|
| | $_____ <br> Disbursed by □ Trustee □ Debtor | |
| | $_____ <br> Disbursed by □ Trustee □ Debtor | |

**5.3     Other Separately Classified Nonpriority Unsecured Claims**

■ **None**.

The nonpriority unsecured claims listed below are separately classified pursuant to 11 U.S.C. § 1322(b)(1) and will be paid in full in accordance with a timely filed proof of claim.

| Creditor | Amount of claim |
|---|---|
| | |
| | |

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**6.1     Executory Contracts and Unexpired Leases**

■ **None**.

The executory contracts and unexpired leases listed below are ASSUMED and will be treated as specified. All other executory contracts and unexpired leases are REJECTED. The arrearage will be paid in full in accordance with a timely filed proof of claim unless otherwise ordered by the court.  The arrearage will be disbursed by the Trustee on a pro rata basis with secured claims.

| Creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage |
|---|---|---|---|
| | | $_____ <br> Disbursed by <br> □ Trustee □ Debtor | |
| | | $_____ <br> Disbursed by <br> □ Trustee □ Debtor | |

(12-01-2017)

| Part 7: | Vesting of Property of the Estate |
| --- | --- |

**7.1** **Revesting**

Property of the estate shall not revest in Debtor until completion of the Plan.

| Part 8: | Non-Standard Plan Provision(s) |
| --- | --- |

■ **None**.

(If applicable, insert the non-standard plan provision(s) included in the Plan at Part 8 pursuant to Fed. R. Bankr. P. 3015(c).)

_____
_____
_____
_____
_____
_____

| Part 9: | Miscellaneous Provisions |
| --- | --- |

**IT IS FURTHER ORDERED that**

**9.1** **Dischargeability**

Any provision in the Plan purporting to discharge a claim under 11 U.S.C. § 523 shall be unenforceable and void until such time as Debtor obtains a separate order that discharges such claim.

**9.2** **Default on Direct Payments to Secured Creditors**

Upon Debtor's post-confirmation default to a secured creditor listed in Sections 3.1(b) for a period of more than 60 days on claims secured by real property which is NOT the Debtor's principal residence, or 30 days on claims secured by personal property ("Post-Confirmation Default"), the secured creditor may give notice of said Post-Confirmation Default ("Default Notice"). The Default Notice shall be filed with the court and served upon Debtor by first class mail and upon Debtor's attorney and the Trustee by notice of electronic filing via the CM/ECF system. The secured creditor must file an affidavit of service of the Default Notice with the court. The Default Notice shall provide that within 15 days the Post-Confirmation Default must be: (1) cured; (2) settled by written agreement between the parties; or (3) resolved by the court based on appropriate pleadings filed by Debtor establishing sufficient equity or other facts sufficient to justify continuance of the automatic stay. If the Post-Confirmation Default is not resolved in accordance with the terms of the Default Notice, said creditor may submit an application and ex parte order providing relief from the automatic stay and directing that (i) the Trustee be added as a necessary party to receive notice of the report of sale and surplus money proceedings; and (ii) closure of the case shall not constitute an abandonment of the Trustee's interest, if any, in any surplus proceeds.

**9.3** **Requirements Regarding Postpetition Tax Returns**

During the term of the confirmed Plan, Debtor shall timely file with the taxing authorities all required federal and state tax returns and pay all applicable taxes when due. Upon Debtor's default in the timely filing of required federal and/or state tax returns and/or in the payment of applicable federal and/or state taxes for any postpetition period, the appropriate taxing authority may give written notice of said delinquency ("Delinquency Notice") to Debtor by regular mail, and Debtor's attorney and the Trustee by electronic notice, based upon the filing of the Delinquency Notice with the court. The taxing authority must file an affidavit of service of the Delinquency Notice with the court. The Delinquency Notice shall specify which tax returns have not been filed and/or which taxes have not been paid and give notice that the taxing authority may apply ex parte for an order dismissing the case within 180 days from the date the Delinquency Notice is given if the delinquency is not: (1) cured; (2) settled by written agreement between the parties; or (3) resolved by appropriate pleading submitted to the court evidencing the filing of said returns and/or payment of said tax. If the delinquency is not addressed as per the terms of the Delinquency Notice, the taxing authority may submit an ex parte application and order dismissing the chapter 13 case without further notice.

**9.4** **Obligation to Report Inheritances, Settlements, Awards, Bonuses or Any Other Asset or Monies Received During the Term of the Plan**

(12-01-2017)

Debtor shall report to the Trustee any receipt or notice of entitlement to funds in excess of $1,500.00 during the term of the Plan (other than the regular monthly income reflected in Schedule I filed with the court).

**9.5      Payroll Deductions**

If Debtor defaults on payments required by the Plan, the Trustee may submit and implement an ex parte order for payroll deduction payments without further notice to Debtor or Debtor's attorney.

**9.6      Trustee's Duties Regarding Business Cases**

The Trustee is not to perform the duties specified in 11 U.S.C. § 1302(c) absent further order of this court. Debtor shall perform the duties as specified in 11 U.S.C. § 704(a)(8) and file with the Trustee such periodic reports as to the operation of Debtor's business as required by the Trustee or court pursuant to 11 U.S.C. §1304(c).

**9.7      Prohibition on Postpetition Debt**

Debtor is prohibited from incurring any debt in excess of $1,500.00 without prior approval of the Trustee or the court, except such debt as may be necessary for emergency medical or hospital care of the Debtor or Debtor's dependents.

**9.8      Sales or Transfers of Property During the Plan Term**

No property may be sold or transferred without the approval of the court or the Trustee. Notwithstanding any provision of the Plan or this Order, no article of property, real or personal, with any value of less than $2,500.00 may be sold, transferred or otherwise disposed of, without the prior consent of the Trustee, and no article of property, real or personal, with any value of more than $2,500.00 may be sold, transferred or otherwise disposed of, without prior order of this court.

**9.9      Ongoing Notices**

Creditors being paid directly by Debtor under the Plan shall continue to send customary payment coupons, statements, and notices to the parties making ongoing payments during the term of the Plan. Such actions shall not constitute or form the basis for finding a violation of the automatic stay.

**9.10     Inconsistent Provisions**

In the event of an inconsistent provision contained in the Plan and this Order, this Order shall control.

**9.11     Loss Mitigation**

If loss mitigation is pending between Debtor and a Mortgagee Creditor, the following terms and conditions shall govern the rights of Debtor and Mortgagee Creditor under the confirmed Plan:

    a.   The success of the Plan is dependent upon the success of the pending loss mitigation and modification of the mortgage terms. Thus, Mortgagee Creditor's right to seek dismissal of the case based upon Debtor's inability to successfully complete the Plan and Debtor's right to seek to modify the Plan terms are preserved in all respects.

    b.   While loss mitigation is pending, the Trustee shall reserve all funds which would otherwise be disbursed on any claim timely filed by the Mortgagee Creditor. Reserved funds may be disbursed by the Trustee only with the consent of the Mortgagee Creditor or upon entry of an order after notice and a hearing.

    **c.**   If the confirmed Plan provides that Debtor will remit to the Trustee a sum certain every month as an ongoing postpetition mortgage payment for the Mortgagee Creditor, then the Trustee shall reserve and shall not disburse said funds while loss mitigation is pending absent consent of the Mortgagee Creditor or entry of an order authorizing disbursement after notice and a hearing.

(12-01-2017)

ALL OPPOSITION HAVING BEEN OVERRULED OR SETTLED, THE STANDING TRUSTEE RECOMMENDS THE PLAN AS SATISFYING THE REQUIREMENTS OF 11 U.S.C. § 1325(a).

Date: **June 4, 2018**                                                                                     Initials: **s/MWS/sei**

# # #

(12-01-2017)